# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:08 CR 24

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JAMES KANE. ) | |
| ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned, pursuant to an oral motion to withdraw presented by the defendant's attorney Carol Ann Bauer, requesting permission to withdraw as counsel for the defendant. Upon the call of this matter on for hearing, it appeared that the defendant was present, that Ms. Bauer was present, and the Government was present through Assistant United States Attorney Richard Edwards, and from the statements of the defendant and the statements of Ms. Bauer, the court makes the following findings:

**Findings**. Ms. Bauer advised the court that the relationship between herself and the defendant had reached the point that she and the defendant could not communicate further in regard to the defense of the case. Ms. Bauer explained that the defendant would not allow Ms. Bauer to explain the law in regard to the matter and the defendant wanted Ms. Bauer to listen to the defendant's statements and requirements in regard to the case. Ms. Bauer further advised the defendant wanted

his girlfriend to participate as a part of the defense in regard to the decisions that were to be made in this matter.

The court made inquiry of the defendant and the defendant stated that Ms. Bauer had not discussed the case with him and he and Ms. Bauer could not communicate in any meaningful degree in regard to this case.

**Discussion:** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. United States v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). Considering the motion herein, the undersigned has considered the following factors: (1) timeliness of the motion; (2) inquiry as to the reasons why the defendant does not wish for Ms. Bauer to represent him further; and (3) whether or not there is such a conflict between the defendant and Ms. Bauer that is so great that it has resulted in a total lack of communication preventing an adequate defense. United States v. Gallop, 838 F.2d 105 (4th Cir. 1988).

The motion in this matter was heard immediately before a hearing regarding the competency of the defendant and a proposed arraignment of the defendant. As

a result, the motion for substitution of counsel has been heard at an early stage in regard to this matter. This factor must be weighed in favor of granting the motion.

The undersigned inquired as to the reasons for the conflict between the defendant and his attorney. After hearing from both Ms. Bauer and the defendant, it appears that, in Ms. Bauer's opinion, she and the defendant's relationship has reached a degree whereby there can be no further communication. The defendant, upon inquiry, stated it was also his opinion that he could not communicate with Ms. Bauer. This degree of conflict must be weighed in favor of allowing the motion.

The court has further examined the matter to determine whether or not there is such conflict between the defendant and Ms. Bauer there is a total lack of communication between them preventing an adequate defense. At this time, it appear that such a conflict does exist. This factor is weighed in favor of granting the motion.

After considering all the factors, it appears that the motion of Ms. Bauer for substitution of counsel has been made at an early stage in regard to this matter; that as a result of the inquiry made by the undersigned the undersigned finds good reason for the substitution of counsel and there does appear to be a lack of communication between Ms. Bauer and the defendant that would prevent an adequate defense. Based upon the foregoing, the undersigned has determined to enter an order allowing

the oral motion to withdraw of Ms. Bauer and the court will direct that the Federal Defenders' Office appoint substitute counsel defend the defendant in regard to this matter.

**ORDER**

IT IS, THEREFORE, **ORDERED** that the oral motion of Carol Bauer for substitution of counsel is **ALLOWED** and it is further **ORDERED** that the Federal Defenders' Office appoint new and substitute counsel to represent the defendant in this matter.

Signed: January 22, 2009

Dennis L. Howell
United States Magistrate Judge