# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL CASE NO. 2:12-cv-00027-MR
# (CRIMINAL CASE NO. 2:08-cr-00024-MR-DLH-1)

| | |
|---|---|
| JAMES KANE, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] and Petitioner's Motion for Status of Case [Doc. 5]. For the reasons that follow, the Court will deny and dismiss the petition.

## PROCEDURAL HISTORY

On March 30, 2009, the Petitioner pled guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), and to being subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), based on having three

previous convictions for a violent felony or serious drug offense.[1]  [Criminal Case No. 2:08-cr-00024-MR-DLH-1, Doc. 22: Plea Agreement; Doc. 23: Acceptance and Entry of Guilty Plea].  As part of the written plea agreement, Petitioner agreed to waive his right to contest on collateral review "any sentencing issues related to prior convictions that would result in the Defendant being sentenced under . . . 18 U.S.C. § 924(e)(1)."  [Id., Doc. No. 22 at 5; 9].  He also waived the right to contest the conviction except for claims of ineffective assistance of counsel and prosecutorial misconduct. [Id.].

According to the presentence investigation report ("PSR"), Petitioner had a total offense level of 30 and a criminal history category of IV, resulting in a guidelines range of 135 to 168 months.  [Id., Doc. 24 at 19: PSR]. Petitioner was found to be an armed career criminal under the ACCA.  [Id.]. Thus, in light of the fifteen-year, mandatory minimum sentence under the ACCA, the guidelines range was 180 months.  [Id.].

Petitioner filed objections to the PSR, in part, based on his contention that he did not qualify for a sentence enhancement under the ACCA.  [Id.,

---

[1]  On February 27, 2013, this Court allowed the Federal Defender of Western North Carolina to withdraw as counsel after conducting a review of Petitioner's claim to determine whether Petitioner was entitled relief pursuant to the Fourth Circuit's en banc decision in United v. Simmons, 649 F.3d 237 (4th Cir. 2011).  [Doc. 4].

Doc. 25: Notice of Petitioner's Objections to PSR]. At sentencing, this Court overruled Petitioner's objections, adopted the PSR, and determined that Petitioner qualified for a statutory mandatory sentence of fifteen years under the ACCA. [Id., Doc. 45 at 44: Sentencing Hearing Tr.]. On March 31, 2010, this Court sentenced Petitioner to 180 months of imprisonment. [Id.]. Judgment was entered on April 9, 2010. [Id., Doc. 35: Judgment].

Petitioner appealed, arguing on appeal that this Court erred in determining that his prior New Jersey convictions for burglary qualified as predicate convictions for purposes of the ACCA. Specifically, Petitioner contended that the New Jersey burglary statute at issue is "nongeneric," meaning that Petitioner's conviction could not be relied on for purposes of imposing an ACCA enhancement, absent evidence that the offense involved all elements of generic burglary.

On June 3, 2011, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction in an unpublished opinion, specifically finding that his prior burglary convictions qualified as predicate offenses for the ACCA enhancement because Petitioner pleaded guilty to generic burglary — that is, "unlawfully entering a building with the intent to commit a crime therein." United States v. Kane, 434 F. App'x 175, 176-77 (4th Cir. 2011). Petitioner filed a petition for writ of certiorari with the U.S. Supreme Court, which

petition was denied on January 17, 2012. Kane v. United States, 132 S. Ct. 1092 (2012).

Petitioner placed the instant petition in the prison mailing system on July 3, 2012, and it was stamp-filed in this Court on July 16, 2012. [Doc. 1]. In the § 2255 petition, Petitioner contends that he is entitled to relief under the Fourth Circuit's en banc decision in United v. Simmons, 649 F.3d 237 (4th Cir. 2011). In his sole ground for relief, Petitioner contends he should not have been subject to a fifteen-year mandatory minimum sentence under the ACCA because one of his prior convictions -- a prior 1989 New Jersey conviction for reckless use of a deadly weapon -- did not carry a sentence of more than one year and he, therefore, did not qualify as an armed career criminal in light of Simmons.[2]

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response

---

[2] Petitioner appears to concede in the petition that he had two other prior convictions punishable for more than one year that qualified as predicate felonies under the ACCA.

4

is necessary from the United States.  Further, the Court finds that this matter can be resolved without an evidentiary hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

The ACCA provides, in relevant part, that "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . ."  18 U.S.C. § 924(e)(1).

Contrary to Petitioner's argument, his 1989 conviction clearly qualifies as a predicate felony, even after Simmons.  As the Government correctly pointed out at sentencing [Criminal Case No. 2:08-cr-00024-MR-DLH-1, Doc. 45 at 15-19: Sentencing Hearing Tr.], the offense for which Petitioner was convicted — reckless use a deadly weapon in the fourth degree — was punishable by up to eighteen months' imprisonment.  See N.J.S.A. § 2C:12-1(b)(3) (1989) (reckless use of a deadly weapon constituting aggravated assault); N.J.S.A. § 2C:43-6 (1989) (stating that the sentence for a crime in the fourth degree shall be up to eighteen months).  As the 1989 conviction is clearly a qualifying, predicate felony, Petitioner was correctly subject to a

5

mandatory minimum sentence of fifteen years' imprisonment under the ACCA.

## CONCLUSION

For the reasons stated herein, the Court will dismiss the § 2255 petition.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion to vacate [Doc. 1] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Status of Case [Doc. 5] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: May 20, 2014

Martin Reidinger
United States District Judge